IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL SMITH, WAYNE BOYD, and DEDRICK WILEY, on Behalf of Themselves and all Others Similarly Situated, § § § § | |
| Plaintiffs, § | |
| v. § | CIVIL ACTION NO. 3:20-cv-3618-B-BT |
| P & B INTERMODAL SERVICES, LLC, § | JURY TRIAL DEMANDED |
| Defendant. § | COLLECTIVE ACTION |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiffs Michael Smith ("Smith"), Wayne Boyd ("Boyd"), and Dedrick Wiley ("Wiley") (collectively "Plaintiffs"), on behalf of themselves and all others similarly situated, files this Complaint against P & B Intermodal Services, LLC ("Defendant"), showing in support as follows:

### I.   NATURE OF THE CASE

1. This is a civil action brought by Plaintiffs pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA") for Defendant's failure to pay Plaintiffs time and one-half their respective regular rates of pay for all hours worked over 40 during each seven-day workweek as employees of Defendant.

2. Plaintiffs were hourly paid technicians for Defendant who were also paid performance-based bonuses that were labeled as "incentives" in their earnings statements. Defendant did not include those bonuses in calculating the Plaintiffs' respective regular rates of pay when determining the overtime wages they were each paid. That resulted in an underpayment of the FLSA overtime wages Defendant should have paid Plaintiffs.

3. Plaintiffs file this lawsuit individually and as a FLSA collective action on behalf of all other similarly situated current and/or former employees of Defendant who work(ed) as hourly paid technicians who receive(d) bonuses labeled as "incentives" or the like in their earnings statements, and like Plaintiffs, are not/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven-day workweek due to Defendant not including that bonus pay in their respective regular rates of pay.

4. Plaintiffs and the collective action members seek all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs, and post-judgment interest.

## II.  THE PARTIES, JURISDICTION, AND VENUE

### A.  Plaintiff Michael Smith

5. Smith is a natural person who resides in Dallas County, Texas. He has standing to file this lawsuit.

6. Smith was an employee of Defendant.

7. Smith was employed by Defendant in Dallas County, Texas.

8. By filing this lawsuit and complaint, Smith consents to be a party plaintiff to this FLSA action pursuant to 29 U.S.C. § 216(b). Plaintiff's consent to join is filed as ECF 1-1 in this lawsuit on December 11, 2020. For purposes of clarity, that previously filed consent to join is attached as Exhibit A to this document.

### B.  Plaintiff Wayne Boyd

9. Boyd is a natural person. He has standing to file this lawsuit.

10. Boyd was an employee of Defendant.

11. Boyd's consent to join this lawsuit was filed on December 25, 2020 and is incorporated by reference as if set forth fully herein. (*See* ECF 7-1).

**C.    Plaintiff Dedrick Wiley**

12.    Wiley is a natural person. He has standing to file this lawsuit.

13.    Wiley was an employee of Defendant.

14.    Wiley's consent to join this lawsuit was filed on January 5, 2021 and is incorporated by reference as if set forth fully herein. (*See* ECF 12-1).

**D.    Collective Action Members**

15.    The putative collective action members are all current and/or former employees of Defendant who work(ed) as hourly paid technicians who receive(d) bonuses labeled as "incentives" or the like in their earnings statements, and like Plaintiffs, are not/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven-day workweek due to Defendant not including that bonus pay in their respective regular rates of pay.

16.    Because Defendant did not and does not pay all overtime premium compensation to those putative collective action members who routinely work(ed) in excess of 40 hours per workweek, Plaintiffs and the putative collective action members are all similarly situated within the meaning of Section 216(b) of the FLSA.

17.    The relevant time period for the claims of the putative collective action members is three years preceding the date this lawsuit was filed and forward, or such other time period as deemed appropriate by the Court.

18.    Plaintiffs reserve the right to redefine the class, request more than one class, and/or request sub-classes relative to any motion for certification and notice filed in this lawsuit.

**E.    Defendant P & B Intermodal Services, LLC**

19.    Defendant is a foreign limited liability company.

20.    During all times relevant, Defendant has done business in the State of Texas.

21. Defendant is registered with the Texas Secretary of State to conduct business operation in Texas.

22. At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

23. At all times relevant to this lawsuit, Defendant employed, and continues to employ, two or more employees.

24. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold, or otherwise worked on goods and/or materials that have been moved in and/or produced for commerce by any person.

25. For example, Defendant employed two or more employees who regularly handled, sold, and/or otherwise worked on goods and/or materials in their daily work that are/were moved in and/or produced for commerce. Examples of such goods and/or materials include tools, phones, computers, vehicles, and personal protection equipment.

26. On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

27. Defendant has entered an appearance in this lawsuit.

F. **Jurisdiction and Venue**

28. Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

29. The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

30. During all times relevant to this lawsuit, Defendant has done business in the State of Texas and continues to do business in the State of Texas.

31. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiffs base their claims on federal law, namely the FLSA.

32. Venue is proper in this Court because Plaintiffs worked for Defendant in Dallas County, Texas. Furthermore, Defendant's principal place of business is in Dallas County, Texas.

### III.   FACTUAL BACKGROUND

33. Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

34. Smith was employed by Defendant from approximately April 26, 2019 to approximately July 22, 2020.

35. Boyd was employed by Defendant from approximately February 2, 2017 to approximately April 2020.

36. Wiley was employed by Defendant from approximately June 27, 2019 to approximately September 8, 2020.

37. One of Defendant's business operations is chassis, container, and trailer ("CCT") repair type work for railway equipment, such as railway cars/trucks, owned and/or operated by third parties.

38. Plaintiffs were employed by Defendant as CCT technicians.

39. Plaintiffs were employed by Defendant at Defendant's business location in Mesquite, Texas.

40. Plaintiffs were paid on an hourly basis by Defendant.

41. Smith's hourly pay was generally $19.00 per hour.

42. Boyd's hourly rate of pay was generally $20.00 per hour.

43. Wiley's hourly rate of pay was generally $16.50 per hour.

44. Defendant also provided performance-based bonuses to Plaintiffs and the putative collective action members which were labeled as "incentives" in their respective earnings statements issued by or on behalf of Defendant.

45. The bonuses Defendant pays/paid Plaintiffs and the putative collective action members are/were based on the quantity and/or quality of work performed.

46. Defendant informs/informed Plaintiffs and the putative collective action members of the opportunity for those bonuses prior to them performing the work which results/resulted in those bonuses.

47. Plaintiffs regularly worked in excess of 40 hours per seven-day workweek as employees of Defendant.

48. Although Defendant paid Plaintiffs time and one-half their respective base hourly rates of pay for overtime hours worked, Defendant did not include bonuses labeled as incentive pay in earnings statements to Plaintiffs when calculating their respective regular rates of pay.

49. The failure to include that bonus pay in Plaintiffs' respective regular rates of pay resulted in an underpayment of the FLSA wages Defendant should have paid Plaintiffs.

50. Defendant employs and employed numerous other hourly paid CCT technician employees who are/were paid on an hourly basis in addition to performance-based bonuses labeled as "incentives" or the like in their earnings statements. Like Plaintiffs, the putative collective action members routinely work/worked in excess of 40 hours per seven-day workweek. Like Plaintiffs, Defendant does not pay/did not pay all FLSA overtime wages owed those putative collective action members because it does not/did not include bonus pay in calculating their respective regular rates of pay.

## IV.     CONTROLLING LEGAL RULES

51.     The FLSA states that "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

52.     "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

53.     Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

54.     The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e).

55.     With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; *accord Allen v. Board of Pub. Educ. For Bibb Cty.*, 495 F. 3d 1306, 1311 (11th Cir. 2007); *see also Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 927 (E.D. La. 2009).

56. Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA. 29 U.S.C. § 216(b).

## V.  FLSA CLAIMS

57. Plaintiffs incorporates the preceding paragraphs by reference as if set forth fully in this section.

58. All conditions precedent to this lawsuit, if any, have been fulfilled.

59. Defendant is and/or was an eligible and covered employer under the FLSA. 29 U.S.C. § 203(d).

60. Defendant is and/or has been an enterprise engaged in commerce under the FLSA. 29 U.S.C. § 203(s)(1)(A).

61. Plaintiffs and the putative collective action members are and/or were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

62. Plaintiffs and the putative collective action members are and/or were covered employees under 29 U.S.C. § 207(a)(1).

63. Plaintiffs and the putative collective action members are and/or were paid on an hourly basis by Defendant.

64. Plaintiffs and the putative collective action members routinely receive(d) bonus pay labeled as "incentives" or the like in their respective earnings statements that covered workweeks in which FLSA overtime hours were worked.

65. At material times, Plaintiffs and the putative collective action members regularly work and/or worked in excess of 40 hours per seven-day workweek as employees of Defendant.

66. Defendant is and/or was required to pay Plaintiffs and the putative collective action members time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven-day workweek. 29 U.S.C. § 207(a)(1).

67. Defendant is and/or was required by the FLSA to include the bonuses it paid to Plaintiffs and the putative collective action members in calculating their respective regular rates of pay.

68. Defendant does not/did not pay Plaintiffs and the putative collective action members all FLSA mandated overtime wages because it does not/did not include bonus pay in calculating their respective regular rates of pay.

69. Defendant failed to pay Plaintiffs and putative collective action members overtime compensation at one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit.

70. The failure of Defendant to pay Plaintiffs and the putative collective action members time and one-half their respective regular rates of pay for each and every hour worked over 40 in a seven-day workweek is a violation of the FLSA.

71. The putative collective action members are and/or were similarly situated to the Plaintiffs and to each other under the FLSA. 29 U.S.C. § 216(b).

72. Defendant's violations of the FLSA are and/or were willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant is and was aware that Plaintiffs and the putative collective action members are not and were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in a seven-day workweek. Defendant knew it was not including performance-based bonus pay in the regular rates of pay for Plaintiffs and the putative collective action members.

73. Plaintiffs and the putative collective action members seek all damages available for Defendant's failure to timely pay all overtime wages owed.

### VI.     FLSA COLLECTIVE ACTION

74. Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis. *See Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (Fish, J.) (certifying nationwide collective action in FLSA case); *see also*, *Jones v. SuperMedia Inc.,* 281 F.R.D. 282, 290 (N.D. Tex. 2012) (Boyle, J.) (same).

75. Plaintiffs seek to represent a collective action under 29 U.S.C. § 216(b) on behalf of themselves and all current and/or former employees of Defendant who work(ed) as hourly paid technicians who receive(d) bonuses labeled as "incentives" or the like in their earnings statements, and like Plaintiffs, are not/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven-day workweek due to Defendant not including that bonus pay in their respective regular rates of pay.

76. Because Defendant did not and does not pay all overtime premium compensation owed to those putative collective action members who routinely work(ed) in excess of 40 hours per workweek, Plaintiffs and the putative collective action members are all similarly situated within the meaning of Section 216(b) of the FLSA.

77. The relevant time period for this collective action is three years preceding the date this lawsuit was filed and forward, or such other time period deemed appropriate by the Court.

78. Plaintiffs reserve the right to establish sub-classes and/or modify collective action definition in any collective action certification motion or other filing.

## VII.   JURY DEMAND

79. Plaintiffs demand a jury trial.

## VIII.   DAMAGES AND PRAYER

80. Plaintiffs ask that they and the Collective Action Members be awarded a judgment against Defendant and/or order(s) from the Court for the following:

      a.      An order certifying this case as a FLSA collective action and requiring notice to be issued to all putative collective action members,

      b.      All damages allowed by the FLSA, including back overtime wages,

      c.      Liquidated damages in an amount equal to back FLSA mandated wages,

      d.      Legal fees,

      e.      Costs,

      f.      Post-judgment interest, and/or

      g.      All other relief to which Plaintiffs and the Collective Action Members are entitled.

Date: April 1, 2021.

                                                                         Respectfully submitted,

                                          By:    s/ Allen R. Vaught
                                                         Allen R. Vaught
                                                         Attorney-In-Charge
                                                         TX Bar No. 24004966
                                                         Vaught Firm, LLC
                                                         1910 Pacific Ave., Suite 9150
                                                         Dallas, Texas 75201
                                                         (972) 707-7816 – Telephone
                                                         (972) 591-4564 – Facsimile
                                                         avaught@txlaborlaw.com

                                                         ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

On April 1, 2021, I electronically submitted the foregoing document with the Clerk of Court for the United States District Court, Northern District of Texas, using the CM/ECF method. I certify that I have served all counsel of record electronically.

                                                          s/Allen R. Vaught
                                                          Allen R. Vaught